IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINO CARDENAS MERAZ,<br><br>               **Petitioner**,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>               **Respondent**. | 05 CV 0370 AWI<br>(CR F 04 5401 AWI)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND, VACATE OR SET ASIDE THE SENTENCE**<br><br>**(28 U.S.C. § 2255)** |

## INTRODUCTION

Petitioner Justino Cardenas Meraz ("Petitioner") seeks relief under 28 U.S.C. § 2255 from the sentence of 37 months imprisonment and 36 months supervised release that was imposed by this court on May 5, 2004, following Petitioner's entry of a guilty plea to one count of a violation of 8 U.S.C. § 1326 – deported alien found in the United States. For the reasons that follow, Petitioner's motion will be denied.

## FACTUAL AND PROCEDURAL HISTORY

On or about April 7, 1998, Petitioner was deported from the United States. On or about January 19, 2004, he was found within the state and Eastern District of California without having obtained the consent of the Attorney General of the United States. Accordingly, Petitioner entered a plea of guilty to a single count of violating 8 U.S.C. § 1326. The plea of guilty was

made pursuant to the terms of a negotiated plea agreement on April 29, 2004.

Pertinent to the instant motion, the plea agreement provided that the government would recommend a three-level reduction in Petitioner's offense level for his acceptance of responsibility for his conduct, an additional four-level reduction for his agreement to an early disposition of the case, and a general recommendation that Petitioner be sentenced at the low end of the applicable sentence guideline range.  Among other things, Petitioner agreed to waive his constitutional and statutory rights to appeal or to contest his sentence in any post-conviction proceeding, "including, but not limited to, any proceeding under 28 U.S.C. § 2255," such as this one.  The government's recommendations were noted in the Presentence Investigation Report ("PIR") and were accepted by the district court.  The Court sentenced Petitioner to be imprisoned for a total term of 37 months to be followed by a supervised release for a term of 36 months.

Despite signing the plea agreement with the government, Petitioner now brings this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel with regard to his sentence.  Specifically, Petitioner argues that the "offense level" on which his sentence was based was miscalculated and that "Petitioner's counsel was deficient in not correcting the Probation Department's error in the sentence computation."  Petitioner further claims that the "error prejudiced [him] because he was eventually sentenced to 37 months imprisonment, when his sentence should not have been more than six to twelve months."

Petitioner's motion was filed timely on March 21, 2005

## **LEGAL STANDARD**

 28 U.S.C. § 2255 provides that a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Furthermore,

"a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

    **A.**    **Petitioner's Waiver of Right to Appeal Sentence**

While Petitioner would ordinarily have constitutional and statutory rights to appeal his conviction and sentence, he explicitly waived those rights in his plea agreement.  "The right to attack a judgment collaterally is statutory.  A knowing and voluntary waiver of a statutory right is enforceable.  For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999) (internal citations omitted).  However, a waiver cannot bar a claim that relates to the validity of the waiver itself.  United States v. Abarca, 985 F.2d 1012, 1014 (9 Cir. 1993).  Here, Petitioner has challenged the validity of his plea by claiming that his plea of guilty was the result of his attorney's failure to accurately inform him of the miscalculated offense level for his sentence and of his right to challenge the miscalculation.  Petitioner claims that his plea of guilty was the result of his attorney's ineffective assistance in failing to fully inform Petitioner of all of his rights.

Because claims of ineffective assistance of counsel usually implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are not normally considered waived by plea agreements.  See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996) (citing Pruitt for the proposition a general waiver does not include claims of ineffective assistance brought under section 2255).  This Court follows Pruitt in finding Petitioner's general waiver of the right to collaterally attack the judgment or his sentence did not waive his right to petition pursuant to section 2255 on the ground of ineffective assistance of counsel.

### B.     Ineffective Assistance of Counsel – Calculation of Offense Level

According to the PIR, the Probation Officer calculated Petitioner's "offense level" pursuant to the United States Sentencing Commission Guidelines Manual, amended November 1, 2004 ("USSG").  Under the USSG, the "Base Offense Level" for a violation of 8 U.S.C. § 1326 is 8.  See U.S.S.G. § 2L1.2.  The PIR further states that "[p]ursuant to USSG 2L1.2(b)(1)(C), 16 levels are added because the defendant was previously deported on June 28, 1985, following a conviction for Assault With a Deadly Weapon (Firearm)."  Petitioner challenges this 16-level addition by arguing that "The Guidelines however (4A1.2(e)) clarifies (sic) that previous convictions have to be within fifteen years of the instant offense."

Petitioner proceeds to correctly quote U.S.S.G. § 4A1.2(e), which indeed states that sentences imposed prior to fifteen years from the defendant's commencement of the instant offense are "not counted."  The deportation cited in the PIR took place over twenty-two years prior to the instant offense.  However, Petitioner's reading of the guideline is incorrect.  Chapter four of the USSG applies only to the "Criminal History Category" of a defendant's sentence.  In

fact, the title of § 4A1.2(e) is "Definitions and Instructions for Computing Criminal History – Applicable Time Period."  The PIR shows that these instructions were followed properly and that no levels were added to Petitioner's total for any of the convictions listed in his "Criminal History" section prior to the conviction on June 7, 1994.

The 16 levels added pursuant to § 2L1.2(b) are counted toward the Petitioner's "offense level," not his "criminal history.  In this case, the addition of 16 levels toward Petitioner's "Specific Offense Characteristics" in the "Offense Level Computation" was proper because Petitioner was previously deported after a conviction for a firearms offense.  The Court notes that the PIR cited § 2L1.2(b)(1)(C) as the basis for adding the 16 levels, whereas the proper citation would in fact be § 2L1.2(b)(1)(A), but the Court finds this typographical error to be harmless.  Petitioner was previously deported following a conviction for "Assault With a Deadly Weapon (Firearm)," which constitutes a "firearms offense" and calls for the addition of 16 levels under § 2L1.2(b)(1)(A)(iii).

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made."  Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985).  To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Id.

Petitioner's allegations in this case simply reflect a misreading of the guidelines.

5

Petitioner's counsel made no mistake in this regard and therefore his performance can not be considered deficient. Accordingly, the Court has no choice but to find that Petitioner did not receive ineffective assistance of counsel.

## **ORDER**

Based on the above memorandum opinion, the Court ORDERS that:

1. Petitioner's motion to vacate, correct or set aside the sentence is DENIED; and
2. the Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

**Dated:   November 29, 2007**            /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE